No. 10,794.

### E. M. LEFEBRE VS. D. NEGROTTO, JR.

The sale by the State of property upon which the taxes have been paid is an absolute nullity.

The tax payer can not be held responsible for the errors of the tax collector who credits the payment of the tax to another piece of property owned by another person.

When the tax payer has paid the tax he is not required to make a tender to the purchaser at tax sale before he brings suit to set aside the sale.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Moïse & Cahn* for Plaintiff and Appellee.

*Chas. F. Claiborne* for Defendant and Appellant.

The opinion of the court was delivered by

McENERY, J.   This is a suit to set aside a tax sale.

There was judgment for the plaintiff and the defendant has appealed.

The property in dispute was sold for an alleged unpaid tax due the State for the year 1883, by the State Tax Collector under Act No. 80 of 1888.

The plaintiff owns two pieces of property, Nos. 193 and 195 Carondelet street.

He owned the latter previous to his acquisition of the former, which it adjoined, and it was assessed in his name.

He acquired the other piece after its assessment to one Trisconi, for the tax due in 1883.

Plaintiff's agent went to the State Tax Collector's office for the purpose of paying the taxes of 1883.   He took with him the deed to the property No. 195 and told the tax collector to whom he exhibited the deed, and who examined the same, that he wished to pay the taxes on both pieces of property owned by plaintiff.

The receipt for No. 195 was correctly given, but for the other piece of property it recited the payment to have been made by Jos. Colvis.   The exact amount of the tax due on that piece of property was paid.   The tax collector credited the payment to Colvis, who owned property in the same district, but on the receipt the clerk or

Benedict vs. City.

deputy collector noted the payment as having been made by plaintiff's agent. It was the intention of plaintiff's agent to pay the tax on both pieces of property and he in fact did pay the taxes due. The error in stating in the receipt that the tax was "received of Jos. Colvis" can not deny the fact of actual payment.

The property was afterward assessed in the name of plaintiff, and has never been out of his possession, and he has regularly and promptly paid all taxes on it since the assessment to him. The plaintiff having paid the tax due on the property, he was not required before bringing suit to tender that which he did not owe.

To state reasons at length why the sale is an absolute nullity would serve no useful purpose.

The State has no title to the property and therefore could not sell it under said act.

In the language of the District Judge "to maintain defendant's title would be lawless confiscation."

The defendant bought on the invitation of the State at public sale. He may have believed his title good, and this may have been his reason for annoying plaintiff's tenants.

We do not think damages should be assessed against him for asserting acts of ownership, although they may have been irregular, and to some extent annoying to plaintiff.

Judgment affirmed.